IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL ALLEN GEIHSLER,

          Plaintiff,                             Civ. No. 3:15-cv-00485-MC

          v.                               OPINION AND ORDER

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

          Defendant.

_____

MCSHANE, Judge:

        Plaintiff Michael Allen Geihsler brings this action for judicial review of the

Commissioner's decision denying his application for disability insurance benefits and

supplemental security income. Geihsler filed an application alleging a disability onset date of

November 18, 2011. After a hearing, the administrative law judge (ALJ) determined Geihsler

was not disabled. Tr. 89-90.[1] Geihsler alleges the ALJ made numerous errors. As relevant here,

the ALJ erred in not giving great weight to the Department of Veterans Affairs (VA)

determination that Geihsler was 100% disabled as of October 31, 2012. The Commissioner's

decision is REVERSED and this matter is REMANDED for an award of benefits.

---

[1] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

1 – OPINION AND ORDER

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id*. If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

On July 25, 2013, the VA assigned Geihsler a permanent, 100% disability evaluation as of October 31, 2012 based on a diagnosis of bipolar II disorder with psychotic features. Tr. 331. The VA based that determination on, in addition to other evidence, Geihsler's VA counseling file and a December 4, 2012 VA exam. Tr. 333. The VA noted Geihsler's numerous symptoms, including suicidal ideation, persistent hallucinations and delusions, difficulty adapting to stressful circumstances, near-continuous panic affecting the ability to function independently, and a Global Assessment of Function (GAF) score of 45.[2] Tr. 334.

Ordinarily an ALJ must give great weight to a VA disability determination. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). This is so because the VA and Social Security Administration are both federal disability programs with many similarities. *Id.* "The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework." *Id.* Despite the similarities, an ALJ is not bound by a VA disability determination. To give less weight to a VA disability determination, the ALJ must provide "persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* Here, in addressing the VA determination, the ALJ stated:

> The claimant's service connected bipolar disorder was recently increased to a 100% service connected disability for the purposes of VA benefits. While I give some weight to the VA rating in terms of disability, I have to question finding the claimant 100% disabled on October 31, 2012 because at the time, he was drinking alcohol on a daily basis. At hearing, the claimant testified that he drank four bourbons a day until January 1, 2013. He admitted that such consumption resulted in his being inebriated. Such continued alcohol abuse undermines the claimant's claim that his affective disorder (rather than alcohol misuse) diminished his functionality.

---

[2] A GAF score of 41-50 indicates serious symptoms or any serious impairment in social, occupational, or school functioning.

Tr. 84 (internal citations omitted).

      While focusing on Geihsler's alcohol abuse is certainly a specific reason for the ALJ's decision to give little weight to the VA determination, it is neither valid nor supported by the record. The VA was certainly aware of Geihsler's alcohol abuse. Throughout the hundreds of pages of VA records, there are abundant notes of Geihsler's alcohol use. The ALJ pointed to those records, and the fact that Geihsler gave inconsistent reports to the VA about his alcohol abuse, to discredit the VA determination (and later Geihsler himself).

      The VA based its determination in part on the evaluation by Bethany A. Franklin-Comb, PsyD. The ALJ gave little weight to this opinion because Geihsler was inconsistent about his alcohol use. Tr. 85. Dr. Franklin-Comb reviewed Geihsler's entire file. Tr. 1318. As noted, Geihsler's VA records revealed his many inconsistent statements regarding alcohol use. While Dr. Franklin-Comb mentioned Geihsler self-report he rarely drinks alcohol, she also noted Geihsler's history of alcohol abuse. She was well aware of Geihsler's relationship with alcohol when she made her diagnosis. Tr. 1320. Dr. Franklin-Comb concluded Geihsler's "schizophrenia, anxiety, and depressive symptoms all combine to reflect a single diagnosis of Bipolar II Disorder with psychotic features." Tr. 1321. Despite noting Geihsler likely had the disorder for 30 or so years, and despite noting Geihsler's history of alcohol abuse, Dr. Franklin-Comb did not indicate Geihsler's impairments were materially impacted by alcohol abuse. Instead, Dr. Franklin-Comb concluded Geihsler's bipolar disorder "appears to negatively affect his persistence and pace, motivation, productivity, and ability to socially interact with others on a consistent basis due to frequent bouts of major depression with suicidal ideation and planning. He appears hopeless and fatigued which negatively affects his ability to navigate the employment system . . . ." Tr. 1321.

Dr. Franklin-Comb's opinion is entirely consistent with the medical records. On several occasions, Geihsler's disorder resulted in week-long hospitalizations. Geihsler has several well-documented instances of suicidal ideation, mainly consisting of driving next to trains while pondering crossing onto the tracks. Geihsler's last hospitalization resulted in him losing his managerial position at McDonalds. The conclusion that Geihsler's disorder, and not his alcoholism, contributed to his impairments, is also supported by the record. Even the state agency reviewing psychologists concluded that while Geihsler's alcoholism "is still a concern," it "is not the primary issue." Tr. 905. The ALJ gave that opinion great weight, but apparently overlooked the conclusion that Geishler's disorder, and not his alcoholism, resulted in his limitations.

The ALJ also erred in focusing on Geihsler's admitted ability to perform work for short periods of time, and not on Geihsler's inability to sustain consistent periods of employment over the course of several months or years. The ALJ pointed out that Geihsler worked at the VA in a sheltered environment. Tr. 86. As Geihsler explained at the hearing however, that was work performed while Geihsler was being treated at the VA and was simply work therapy designed to assess Geihsler's capacity to work. Tr. 57. Geihsler's attorney even pointed out that the VA position was a "sheltered and/or supportive work environment" and thus did not qualify as gainful employment. Tr. 58. That one can work for a few months in a sheltered environment does not translate to a conclusion that one is capable of sustaining regular, full-time employment over the course of several months or years.

Geihsler's symptoms, like those of many mental health patients, waxed and waned over the years. *See Garrison v. Covlin*, 759 F.3d 995, 1017-18 (9th Cir. 2014). No treating or examining physician (or "other source") concluded Geihsler was capable of sustaining full-time

employment over the long term. That Geihsler often responded positively to his hospitalizations

does not mean he can function day in and day out in a regular work environment. The ALJ noted

that Geihsler often "copes with some life changes by becoming suicidal." Tr. 86. That finding

has ample support in the record and further indicates Geihsler is incapable of maintain full-time

gainful employment.

The court has discretion to remand either for further proceedings or an award of benefits.

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). In the Ninth Circuit:

> Remand for further administrative proceedings is appropriate if enhancement of
> the record would be useful. Conversely, where the record has been developed
> fully and further administrative proceedings would serve no useful purpose, the
> district court should remand for an immediate award of benefits. More
> specifically, the district court should credit evidence that was rejected during the
> administrative process and remand for an immediate award of benefits if (1) the
> ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2)
> there are no outstanding issues that must be resolved before a determination of
> disability can be made; and (3) it is clear from the record that the ALJ would be
> required to find the claimant disabled were such evidence credited.

*Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The VA concluded that as of October 31, 2012, Geihsler's bipolar disorder rendered him

100% disabled. That conclusion is entitled to great weight. This matter is remanded for an award

of benefits as of October 31, 2012.[3]

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

---

[3] Because the VA determination is controlling here, I need not discuss Geihsler's other allegations of error.

6 – OPINION AND ORDER

## **CONCLUSION**

The ALJ erred in not giving great weight to the VA determination that Geihsler was

100% disabled as of October 31, 2012. The Commissioner's decision is REVERSED. This

matter is REMANDED for an award of benefits

IT IS SO ORDERED.

DATED this 21st day of June, 2016.

_____/s/ Michael J. McShane _____
Michael McShane
United States District Judge